**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathan Coronado,<br><br>    Plaintiff,<br><br>vs.<br><br>Officer Chavez,<br><br>    Defendant. | No. CV-07-1757-PHX-PGR<br><br>ORDER |

    Pending before the Court is the plaintiff's Motion for Reconsideration of Dismissal Without Prejudice of Complaint (doc. #13), which the Court liberally construes as a motion to vacate the judgment pursuant to some aspect of Fed.R.Civ.P. 60(b)(1). Having considered the motion in light of the record, the Court finds that it should be denied.

    The Court entered an order (doc. #9) and a judgment (doc. #10) dismissing this action without prejudice pursuant to Fed.R.Civ.P. 41(b) on May 13, 2008. The basis of the dismissal was the plaintiff's failure to prosecute this action due to his failure to timely return the service of process packet and his failure to respond in any manner to the Court's order requiring him to show cause why this action should not be dismissed for his failure to return the service packet. While the

plaintiff concedes in his motion for reconsideration that the dismissal was appropriate, he argues that the dismissal should be vacated because the Court was not aware at the time of dismissal of the circumstances regarding his attempt to comply with the Court's order regarding service.

The following facts are relevant to the Court's conclusion that no reconsideration of the dismissal is now appropriate. The Court entered its initial screening order (doc. #3) on November 19, 2007, wherein it ordered the plaintiff to file an amended complaint, and informed him that he was required to file a notice of any change in his address and that his failure to do so could result in the dismissal of the action. The plaintiff clearly received this order as he filed an amended complaint on December 26, 2007. The Court entered its screening order (doc. #6) regarding the amended complaint on February 26, 2008; the copy of the order mailed to the plaintiff was accompanied by a service of process packet. This second screening order again advised the plaintiff that he had to file a notice for every change of address and again warned him that his failure to do so could lead to the dismissal of this action, and it advised the plaintiff that he had to return the completed service packet to the Court within 20 days and advised him of the time limits for completion of service, and warned him that no service of process could be made if the completed packet was not returned and that the action may be dismissed if no timely service was made. The plaintiff, who was then incarcerated in the Maricopa County Jail, clearly received the second screening order as he states in his motion that he completed the service packet and submitted it to the jail's Inmate Legal Services office on March 12, 2008 for mailing to the Court.

The plaintiff was transferred from the Maricopa County Jail to the Arizona

Department of Corrections on or about March 14, 2008. Having not received the completed service packet from the plaintiff, the Court entered an Order to Show Cause order (doc. #7) on April 8, 2008, wherein it required the plaintiff to show cause by April 29, 2008 why this action should not be dismissed due to his failure to return the service packet. The copy of the OSC order that the Court mailed to the plaintiff at his address of record at the Maricopa County Jail was returned as undeliverable with the notation that the plaintiff was no longer in custody there. The plaintiff states in his motion that approximately one month after he was transferred to the ADOC he received a letter, dated May 7, 2008, from the county jail's ILS office stating that they were returning to him the service packet that he had submitted for mailing because ILS could no longer help him as he was no longer in county custody. The plaintiff's copy of the order and judgment of dismissal, which the Court mailed to the plaintiff on May 13, 2008 at his address of record at the county jail, was returned as undeliverable with the notation that the plaintiff was no longer in custody.

The Court received the completed service packet from the plaintiff on May 23, 2008. The Clerk of the Court, inadvertently since the judgment of dismissal had already been entered, returned the service packet to the plaintiff at his ADOC address for correction, along with a change of address form. The plaintiff never submitted a corrected service packet to the Court.

The plaintiff filed his pending motion for reconsideration, as well as a notice of change of address, on March 6, 2009. The changed address submitted by the plaintiff was the same address that the Clerk of the Court used in returning the service packet to the plaintiff on May 23, 2008.

The Court concludes that it need not decide whether the circumstances

merit relief under some portion of Rule 60(b)(1) because the plaintiff's motion is untimely.[1]  Pursuant to Fed.R.Civ.P. 60(c)(1), a motion filed pursuant to Rule 60(b)(1) must be filed within "a reasonable time," which is defined as "no more than a year after the entry of the judgment or order[.]"  Although the plaintiff filed his pending motion less than one year after judgment was entered, that is not dispositive for purposes of Rule 60(c)(1) as the one-year deadline is merely an outside limitation. *See* Meadows v. Dominican Republic, 817 F.2d 517, 520-21 (9th Cir.1987) (Court may deny a Rule 60(b)(1) motion even if filed within the one-year period if the moving party is guilty of laches or unreasonable delay.)  In determining what constitutes a "reasonable time" for purposes of Rule 60(c)(1), the Court must take into consideration the following factors: "the interest of finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981).

Weighing these factors using the totality of the circumstances, the Court concludes that the first three factors strongly favor the denial of the plaintiff's motion, while the fourth factor is neutral.  First, since the plaintiff filed his pending motion long after the time for appealing the judgment had passed, the Court must give "great weight" to the interest in finality. *Id.*  Second, none of the reasons given by the plaintiff legitimize the almost 10 month delay between the entry of judgment and the filing of the pending motion.  While the plaintiff states that he diligently attempted to determine how to proceed once he learned of the dismissal of this action, which at the latest was in late May, 2008, he fails to

---

[1] The motion would be untimely even if the Court construed it as being filed pursuant to Fed.R.Civ.P. 60(b)(6).

explain, for example, what prevented him from simply contacting the Court to request additional time once he discovered in early May, 2008 that the county jail ILS office had not mailed his service packet to the Court, what prevented him from filing a notice of appeal, what prevented him from following the Clerk of the Court's direction to return the corrected service packet to the Court in late May, 2008, etc. Third, the plaintiff's failure to learn in early, 2008 that the service packet had not been received by the Court, and his failure to rectify the matter short of dismissal, was entirely his own fault as it was caused by his failure to comply the Court's two earlier orders requiring him to provide the Court with a notice of his change in address. Therefore,

IT IS ORDERED that the plaintiff's Motion for Reconsideration of Dismissal Without Prejudice of Complaint (doc. #13) is denied.

DATED this 10th day of March, 2010.

Paul G. Rosenblatt
United States District Judge